T.C. Summary Opinion 2010-52

UNITED STATES TAX COURT

CYNTHINIE JOANE MCCASLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9841-09S.            Filed April 21, 2010.

<u>Frances H. Thompson</u> and Jessica Rammelsberg (student), for
petitioner.

<u>Inga C. Plucinski</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect

when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  The case was submitted fully stipulated under Rule 122.  Petitioner resided in Utah at the time her petition was filed.

Respondent denied petitioner's request for relief under section 6015(f).  The sole issue for our consideration is whether petitioner's request for relief under section 6015(f) is time-barred because it was filed more than 2 years (approximately 4½ years) after respondent mailed petitioner a notice of determination to proceed with collection under section 6330.

Respondent concedes that petitioner otherwise meets the qualifications for relief from joint and several liability under section 6015(f).  The sole reason for respondent's denial of relief is that petitioner's request for relief was not timely-- within 2 years from the time of the notification.  Respondent understands that this Court's precedent in Lantz v. Commissioner, 132 T.C. __ (2009), a Court-reviewed opinion, is on point and would provide petitioner with the opportunity to

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

seek relief even though her request for relief was without the 2-year period. Respondent, however, notes that <u>Lantz</u> is on appeal and that he disagrees with this Court's holding in that case.[2]

In <u>Lantz v. Commissioner</u>, <u>supra</u>, this Court held invalid the Secretary's regulation limiting the right to seek relief under section 6015(f) to 2 years. The holding of that case did not establish any time within which a request for relief would be considered reasonable and/or timely. Respondent concedes that the only reason for denial was that petitioner's request exceeded 2 years. Respondent does not argue that the amount of time by which petitioner's request exceeded 2 years is a reason for denial of equitable relief under section 6015(f). Accordingly, there is no reason for this Court to further analyze or decide whether an approximately 4½-year period is reasonable and/or timely.

In view of the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.

---

[2]Respondent sought to have the small tax case designation removed from this case in an attempt to be able to appeal any adverse decision for the purpose of overturning our holding in <u>Lantz v. Commissioner</u>, 132 T.C. __ (2009). Respondent's motion was denied for reasons stated in the record.